IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | Criminal No. C-06-442-3 |
| | § | |
| JUAN CARLOS SANCHEZ, | § | |
| | § | |
| Defendant. | § | |

### ORDER

On this day came on to be considered Defendant Juan Carlos Sanchez's "Notice of Motion for Immediate Deportation" (D.E. 85) in the above-styled action. In his motion, Defendant essentially requests that the Court order the Attorney General to commence immediate deportation or removal proceedings against him prior to the Defendant's completion of his term of imprisonment. It is well-settled, however, that federal courts have no jurisdiction to intervene in the Attorney General's "long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." Alvidres-Reyes v. Reno, 180 F.3d 199, 201 (5th Cir. 1999) (finding no jurisdiction over a case in which plaintiffs sought a court order requiring the Attorney General to commence deportation proceedings against them) (citing 8 U.S.C. § 1252(g))[1]; see also Ganesan v. U.S. Attorney, 85

---

[1] 8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." "The stringent limitations of § 1252(g) apply not only to the Attorney General's affirmative actions but also to his refusals to take action." Mendez v. Johnson, 101 Fed.Appx. 18, 20, 2004 WL 1088249 at *1 (6th Cir. 2004) (unpublished).

Fed. Appx. 384, 2004 WL 57726 at *1 (5th Cir. 2004) (unpublished) ("Similarly, the Attorney General has the discretion to decline to commence deportation proceedings, which discretion is not subject to judicial interference"). Although, pursuant to the statute, the Attorney General does have authority to order removal of an alien who has not yet completed his term of imprisonment, 8 U.S.C. § 1231(a)(4)(A)-(B), that authority belongs solely to the Attorney General and not to the federal courts. See, e.g., Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997) (whether to deport an alien "prior to completing a prison term is a matter solely within the discretion of the Attorney General"). Accordingly, this Court has no jurisdiction to order the relief sought by the Defendant and Defendant's "Motion for Immediate Deportation" is DENIED.

    SIGNED and ENTERED this 12th day of July, 2007.

_____
    Janis Graham Jack
    United States District Judge